# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

**Leon H. Haughton**
4810 River Valley Way
Bowie, MD, 20720

*Plaintiff,*

v.

**US Department of Homeland Security**
Office of the General Counsel
2707 Martin Luther King Jr. Ave, SE
Mail Stop 0485
Washington, DC 20528-0485

&

**US Customs and Border Protection**
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, Suite 4.4-B
Washington, D.C. 20229

&

**SIRCHIE ACQUISITION COMPANY, LLC**
100 Hunter Pl,
Youngsville, NC 27596

*Defendants*

**Case:**

## **COMPLAINT & JURY DEMAND**

Plaintiff, Leon H. Haughton, by and through his attorneys, Terry E. Morris and the Law Office of Morris-Palerm, LLC hereby files suit against Defendants, US Department of Homeland Security ("DH"), US Customs and Border Protection ("CPB"), and Sirchie Acquisition Company, LLC ("Sirchie") and states the following in support thereof:

## **INTRODUCTION**

1. This is a civil action arising from the wrongful, unlawful, and false arrest and incarceration of Leon Haughton caused by the willful and wrongful acts of the Defendants in violation of Leon Haughton's rights under the Fourth Amendment of the United States Constitution. Leon Haughton asserts his federal claims pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Leon Haughton seeks equitable relief and monetary damages. Leon Haughton also seeks an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

2. Leon Haughton seeks recovery from Defendants for damages on the grounds of false arrest, false imprisonment, malicious arrest, malicious imprisonment, malicious prosecution, negligent employment, negligent training, negligent infliction of emotional distress, negligent inmate care, negligent medical care, gross negligence, intentional infliction of emotional distress, improper manufacture of the roadside drug testing kit, negligent design of the drug testing kit, failure to warn of false results from the drug testing kit, failure to provide adequate instructions on use of the roadside drug testing kit and personal injury

## **JURISDICTION AND VENUE**

3. This Court has original jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal and subject matter jurisdiction over Defendants for this matter.

6. Leon Haughton's arrest and resulting incarceration for almost three months occurred in Anne Arundel County, Maryland.

7. Venue is proper in the Maryland– Greenbelt Division, pursuant to 28 U.S.C. § 1391, as at least one of the Defendants conducts substantial business in this jurisdiction.

## PARTIES

8. **Leon Haughton** is an individual who resides in the State of Maryland. Mr. Haughton is a permanent resident alien and is lawfully present in the USA.

9. Defendant **Sirchie Acquisition Company, LLC** (hereinafter "Defendant Sirchie") is a Delaware limited liability company headquartered in North Carolina. Defendant Sirchie may be served through its registered agent Corporation Service Company at 2626 Glenwood Avenue, Suite 550, Raleigh, Wake County, NC 27608.

10. Defendant, **CPB** is an administrative and enforcement agency of the United States and is charged with securing our nation's borders.

11. Defendant, **DH** is an administrative and enforcement agency of the United States and is charged with protecting the US from within its borders. The U.S. Immigration and Customs Enforcement **(ICE)** is a federal law enforcement agency under the U.S. Department of Homeland Security. Thus, ICE is an agent of DH.

12. Plaintiff placed Defendants on notice of his claims as required by the Federal Tort Claims Act ("FTCA") by mailing the required notice on February 26, 2020 ;via certified , first-class U.S. mail, postage prepaid, return receipt requested to their respective Offices of General Counsel. **Exhibit 1.** The defendants have not responded and thus this lawsuit is filed in a timely manner.

13. Plaintiff has complied with all legal and other preconditions (and/or conditions precedent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

14. Plaintiff has complied with all legal and other post-conditions (and/or conditions subsequent) to properly file this suit including any and all notice requirements and/or exhaustion of remedies.

## STATEMENT OF FACTS

15. This lawsuit arises out of the unlawful arrest and 82-day incarceration of Mr. Haughton brought about by the Defendants.

16. More specifically, on December 29, 2018, Plaintiff was returning home from an extended vacation in Jamaica. As he was exiting customs at BWI airport, Mr. Haughton was detained by Customs and Border Protection agents who then made a request to search Mr. Haughton's baggage.

17. The Defendants had no reasonable suspicion to stop and detained Mr. Haughton other than the fact that Plaintiff's skin color was that of a black Jamaican male.

18. During the search border patrol agents found three plastic containers labeled "Honey".

19. More specifically, CPB officer Propes ("Propes") then performed a presumptive drug field test on the honey for the presence of methamphetamines or other controlled dangerous substances ("CDS").

20. The results of the field test produced a false positive result for the presence of methamphetamines.

21. The drug test performed was a Narco-Pouch 923 Methamphetamine Test Kit produced and marketed by DEFENDANT, Sirchie.

22. Based on this false positive result CBP officer Propes placed Mr. Haughton under arrest and charged him with felony drug possession, along with several misdemeanor drug possession charges.

23. Immediately after being placed under arrest Mr. Haughton fainted and collapsed to the floor at BWI Airport as he could not believe that he was being arrested for bringing honey into the State of Maryland. Mr. Haughton was then transported to a local hospital for observation, an hour later he was released from the hospital and transported to the Anne Arundel County Detention Center located at Jennifer Road in Annapolis, Maryland.

24. On December 31, 2018, Mr. Haughton had his first of four bail review hearings. As Mr. Haughton was a permanent resident alien charged with drug offenses, he became subject to a U.S. Immigration and Customs Enforcement ("ICE") detainer hold and thus the District Court of Anne Arundel County District Court refused to set a bail. As a result, Mr. Haughton remained incarcerated at the Jennifer Road jail.

25. Upon information and belief, Plaintiff's detainer hold stated that "federal regulations require that Anne Arundel County detain Mr. Haughton.

26. In fact, ICE officials regularly issue detainers that claim to require detention.

27. In reality, an immigration detainer hold is merely a "request," not a legally enforceable command, and local governments may hold a subject for up to 48 hours (excluding weekends and holidays). 8 C.F.R. § 287.7(a). Printz v. United States, 521 U.S. 898, 910 (1997)

28. On January 17, 2019 the State of Maryland Police Laboratory performed testing of the alleged contraband in this matter and determined that CDS was not present.

29. On or about the same day the results were transmitted to the Maryland State's attorney who then contacted the agent in charge for DH and explained to him that the alleged samples were negative for CDS.

30. Thus, the Department of Homeland Security knew with certainty on January 17, 2019 that Mr. Haughton was in fact an innocent man in possession of nothing more than honey.

31. Nevertheless, the agent in charge at the DH knowing that Haughton did not possess any CDS refused to withdraw the ICE detainer hold.

32. On February 5, 2019; Mr. Haughton had his 3rd bail review hearing. At this hearing the judge denied Mr. Haughton bail because of the ICE Detainer Hold which was still unlawfully lodged against Plaintiff.,

33. Upon information and belief after receiving exculpatory evidence which clearly indicated that Plaintiff was not in possession of CDS, the State of Maryland by and through its States Attorney's office then conspired with the Department of Homeland Security's agent in charge to continue prosecuting the Plaintiff on a drug possession charge.

34. Upon information and belief, the State of Maryland and the DH entered into an unlawful agreement to ignore the results of the lab tests with the sole purpose of keeping Mr. Haughton imprisoned.

## LIABILITY

35. Defendants were generally negligent in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Leon Haughton.

36. Defendants owed a duty of due care to Leon Haughton.

37. Defendants breached that duty in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Leon Haughton.

38. Defendants were grossly negligent in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Leon Haughton.

39. Defendants were willfully malicious in the totality of circumstances leading to the arrest and throughout the resulting incarceration of Leon Haughton.

40. Defendants' wrongful actions were the direct and proximate cause of the severe injuries suffered by Leon Haughton as a result of this arrest and resulting incarceration.

41. Leon Haughton is entitled to recover special damages he has incurred for his past, ongoing and future medical treatment, as well as his economic losses.

42. Leon Haughton is entitled to recover general damages for his extensive pain and suffering.

## COUNT I
### Violation of 4th and 14th Amendments to the United States Constitution
### 42 USC 1983 and 1988
### Against all GOVERNMENT DEFENDANTS

43. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

44. As a direct and proximate result of the GOVERNMENT DEFENDANTS' conduct, committed under the color of Federal and state law, PLAINTIFF was deprived of his right to be free from unlawful detention and the unreasonable use of force, to be secure in his personal property, and to due process of law. As a result, PLAINTIFF suffered and continues to suffer harm, in violation of his rights under the laws and Constitution of the United States of America, in particular the 4th and 14th amendments thereto, and Title 42 U.S.C. section 1983.

45. As a direct and proximate result of the acts of the GOVERNMENT DEFENDANTS, PLAINTIFF sustained pain, permanent injury, emotional distress and financial losses, all to his detriment.

46. The actions described herein of the GOVERNMENT DEFENDANTS were so malicious, intentional and displayed with a reckless indifference to the rights, safety and well-being of PLAINTIFF, that imposition of punitive damages is warranted.

COUNT II
**Failure to Train and Supervise
42 USC Section 1983 and Section 1988
Against GOVERNMENT DEFENDANTS**

47. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein

48. The GOVERNMENT DEFENDANTS and their agents have encouraged, tolerated ratified and been deliberately indifferent to the following patterns, practices, and customs, as well as the need for adequate training, supervision and/or discipline in the area of the following:

49. The proper exercise of police power in the detention and custody of citizens who are able to explain possession of items that may appear unlawful.

50. The proper manner to conduct field tests on substances that are suspected to be illegal.

51. The proper manner to identify and take remedial action against government officers who failed to thoroughly investigate matters prior to the arrest of individuals and subsequent to their being charged and detained.

52. The proper procedures to follow up on field tests to make sure they were not resulting in false positives.

53. As a direct and proximate result of the above averments, PLAINTIFF has been deprived of his rights secured by the United States Constitution pursuant to 42 USC section 1983.

54. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

## COUNT III
### Pendant State Claims
### Against all GOVERNMENT DEFENDANTS

55. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

56. The acts, omissions and conduct of GOVERNMENT DEFENDANTS as described herein constitute false arrest, false imprisonment, and due process violations of the Constitution of the State of California under state law. This court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT IV
### Federal Tort Claims Act – Negligence
### Against all GOVERNMENT DEFENDANTS

57. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

58. The GOVERNMENT DEFENDANTS had a duty to act with reasonable care in exercising their civil arrest and detention authority, including investigating the true nature of products being brought into the United States before deciding to arrest someone.

59. The GOVERNMENT DEFENDANTS breached this duty when they failed to properly perform and verify tests on the Honey product being brought into the United States by PLAINTIFF.

60. The GOVERNMENT DEFENDANTS also breached this duty when they imprisoned PLAINTIFF for 82 days without any further investigation or research whatsoever into the PLAINTIFF's insistence that the alleged methamphetamine was in fact, the Honey product.

61. Said breaches of duty were the actual and proximate cause of PLAINTIFF's arrest and prolonged detention and the damage that resulted to his from such arrest and detention, including, but not limited, to emotional and physical distress and physical injuries.

62. The GOVERNMENT DEFENDANTS should have foreseen that their acts and omissions would result in the unlawful arrest and detention of PLAINTIFF.

## COUNT V
### Negligence Defendant Sirchie

63. PLAINTIFF incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

64. At all times mentioned herein, Sirchie designed, tested, manufactured, assembled, analyzed, recommended, merchandised, advertised, promoted, distributed, supplied and sold to distributors and retailers for sale including the CBP, the subject field drug test kits and/or their component parts as described herein.

65. Sirchie represented to law enforcement agencies, including CBP and the United States government, that the field drug test kits would be of a certain quality, standard, reliability and accuracy.

66. Sirchie representations were material facts and not merely opinion.

67. Sirchie representations were made to law enforcement agencies and others expected to buy or use the product, including the CBP and the United States government

68. Law enforcement agencies who purchased these field drug test kits, including the CBP and United States government, knew of these representations, but did not know that they were false.

69. Law enforcement agencies and those who purchase the products, including CBP and United States government, relied on the representations of quality and accuracy made by Sirchie by using the product consistent with the representations.

70. Sirchie should have reasonably expected members of the general public, including PLAINTIFF, to be endangered by the use or handling of their products.

71. The reliance upon these representations made by the Sirchie was a substantial factor in causing PLAINTIFF's damages. Defendant Sirchie had superior knowledge of the field test kits such that they knew or should have known the test kits are not as reliable as marketed.

72. As a proximate result of the negligence and false representations made by Sirchie Plaintiff has suffered damages.

## **JURY DEMAND**

The Plaintiff requests that this Court empanel a jury of his peers to resolve the controversy stated herein.

Respectfully submitted,

\_\_\_\_\_/s/_____

Terry E. Morris
Bar no:17735
Morris Palerm, LLC
751 Rockville Pike
Unit 2A
Rockville, Maryland 20852
301-424-6290
tmorris@morrispalerm.com
*Counsel for the Plaintiff*