**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| LEON H. HAUGHTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES DEPARTMENT )<br>OF HOMELAND SECURITY, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 20-cv-03189-LKG<br><br>Dated:  December 17, 2021 |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff, Leon H. Haughton, brings this civil action against the United States Department of Homeland Security ("DHS") and the United States Customs and Border Protection ("CBP"), alleging claims pursuant to the Federal Tort Claims Act, 42 U.S.C. § 1983, the United States Constitution and state law. *See generally* Am. Compl., ECF No. 6. The government has moved to substitute the United States as the defendant in this case and to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Def. Mot., ECF No. 15; Def. Mem., ECF No. 15-1. No hearing is necessary to resolve these motions. L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **GRANTS** the government's motions to substitute and to dismiss this matter.

**II.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

**A.    Factual Background**

Plaintiff, Leon Haughton, is a Maryland resident and a permanent resident alien who is lawfully present in the United States. Am. Compl. at ¶ 10. In this case, plaintiff asserts claims

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl.") and the government's motions to substitute and to dismiss ("Def. Mot."), and these facts are undisputed unless otherwise noted.

1

under the Federal Tort Claims Act, 42 U.S.C § 1983, the United States Constitution and state law, related to his unfortunate 82-day incarceration at the Anne Arundel County Detention Center following a false-positive field drug test. *See generally id.*

Specifically, in Count I of the amended complaint, plaintiff alleges that the government violated his Fourth and Fourteenth Amendment rights, by depriving him of the right to be free from unlawful detention and unreasonable use of force, and the right to due process. *Id.* at ¶¶ 47-50. In Count II, plaintiff alleges that the government violated 42 U.S.C. § 1983, by failing to train and to supervise its law enforcement agents to, among other things, properly conduct field drug tests and follow-up testing. *Id.* at ¶¶ 51-58.

In addition, in Count III of the amended complaint, plaintiff alleges various state law claims against the government, including false arrest, false imprisonment and due process violations of the Constitution of the State of Maryland. *Id.* at ¶¶ 59-60. In Count IV of the amended complaint, plaintiff alleges that the government breached a duty to act with reasonable care in exercising its civil arrest and detention authority. *Id.* at ¶¶ 61-66. Lastly, in Counts VI and VII of the amended complaint, plaintiff alleges that the government conspired with the State of Maryland, through the State's Attorney's Office, to violate plaintiff's state and constitutional rights. *Id.* at ¶¶ 77-96.[2]

The facts giving rise to plaintiff's claims are unfortunate and undisputed. On December 29, 2018, plaintiff was detained by CBP agents when he was exiting customs at the Baltimore-Washington International Airport following a flight from Jamaica to the United States. *Id.* at ¶ 18. During a subsequent search of plaintiff's luggage, the CBP agents found three plastic containers labeled "Honey." *Id.* at ¶ 20. The CBP agents subsequently performed a presumptive drug field test on the honey for the presence of controlled substances and this field test produced a false-positive result for the presence of methamphetamines. *Id.* at ¶¶ 21-22.

Based upon the "positive" field test, the CBP agents placed plaintiff under arrest and plaintiff was charged with felony drug possession and several misdemeanor drug possession

---

[2] On May 7, 2020, plaintiff filed a notice of voluntary dismissal as to his claims against Sirchie Acquisition Company, LLC raised in Count V of the amended complaint. *See* ECF No. 14.

charges. *Id.* at ¶ 24. After a brief hospital stay on December 29, 2018, plaintiff was transported to the Anne Arundel County Detention Center. *Id.* at ¶ 25.

Because of plaintiff's status as a permanent resident alien charged with drug offenses, he became subject to a United States Immigration and Customs Enforcement detainer hold ("Detainer Hold"). *Id.* at ¶ 26. The Detainer Hold requests that the Anne Arundel County Detention Center:

> Maintain custody of [plaintiff] for a period **NOT TO EXCEED 48 HOURS** beyond the time when he[] would otherwise have been released from your custody to allow DHS to assume custody. . . . This detainer arises from DHS authorities and should not impact decisions about [plaintiff's] bail, . . . parole, release . . . or other matters.

Def. Mot. Ex. A at 1, ECF No. 15-2 (emphasis in original).

On December 31, 2018, plaintiff appeared before the District Court for Anne Arundel County for his first bail review hearing. Am. Compl. at ¶ 26. Plaintiff alleges that the Detainer Hold required that the Anne Arundel District Court order him detained without bail. *Id.* at ¶ 27. And so, plaintiff further alleges that the district court refused to set bail due to the Detainer Hold. *Id.* at ¶ 26.

It is undisputed that, on January 17, 2019, the State of Maryland Police Laboratory conducted follow-up testing on the honey seized from plaintiff's luggage and that this follow-up test determined that no controlled substances were present in the honey. *Id.* at ¶ 30; Def. Mem. at 1. Plaintiff alleges that, on January 17, 2019, the Maryland State's Attorney's Office contacted the DHS agent in charge of his case to inform the government that the honey found in plaintiff's luggage did not contain any controlled substances. *Id.* at ¶ 31. But, plaintiff alleges that the DHS agent in charge refused to withdraw the Detainer Hold. *Id.* at ¶ 33.

There are no factual allegations in the amended complaint about plaintiff's second bail review hearing. *See generally id.* Plaintiff alleges that he appeared for a third bail review hearing on February 5, 2019, and that the district court again denied bail because of the Detainer Hold. *Id.* at ¶ 34.

3

Plaintiff was subsequently released from incarceration on March 21, 2019. Def. Mem. at 4. It is undisputed that DHS did not withdraw the Detainer Hold at the time of plaintiff's release. *See generally* Am. Compl.; Def. Reply at 2, ECF No. 28.

### B. Procedural History

Plaintiff commenced this matter on November 4, 2020. *See* Compl., ECF No. 1. On December 30, 2020, plaintiff filed an amended complaint. Am. Compl.

On May 16, 2021, the government moved to substitute the United States as the defendant in this case and to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Def. Mot.; Def. Mem. On July 12, 2021, plaintiff filed a response in opposition to the government's motions to substitute and to dismiss. Pl. Resp., ECF No. 27. On July 26, 2021, the government filed a reply in support of its motions to substitute and to dismiss. Def. Reply.

The government's motions to substitute and to dismiss having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings

4

without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### C. The Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994) (internal quotation marks omitted)). Under the FTCA, the United States district courts have jurisdiction, with certain exceptions, over claims for money damages resulting from "the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment," so long as "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission

occurred." 28 U.S.C. § 1346(b)(1); *see also Jackson v. United States*, 77 F. Supp. 2d 709, 712 (D. Md. 1999) ("Under the [FTCA], the United States will be liable for acts or omissions of its agents that are tortious under the law of the place where the act or omission occurred.").

To bring a cognizable claim pursuant to the FTCA, plaintiff must show that his claim is:

"[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

*Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)) (brackets existing). The FTCA also contains certain exceptions to the government's general waiver of sovereign immunity for tortious conduct, including an express exception for claims arising out of intentional torts. 28 U.S.C. § 2680 ("The provisions of . . . section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . ."). But, if a claim involves the actions of "investigative or law enforcement officers of the United States Government," the intentional tort exception under the FTCA does not bar claims arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. . . ." *Id.* § 2680(h). And so, the so-called "law enforcement proviso" in the FTCA does not bar claims that "both arise[] out of one of the proviso's six intentional torts[] and [are] related to the acts or omissions of an investigative or law enforcement officer." *Millbrook v. United States*, 569 U.S. 50, 54-55 (2013) (internal quotation marks omitted).

In addition, this Court applies Maryland law when considering an FTCA claim based upon events that occurred in Maryland. *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (The FTCA "does not itself provide for a substantive cause of action[,]" but rather requires courts to "apply the substantive law of the state where the alleged tort took place"); *see also Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) ("Since the incident in question occurred in Maryland, then Maryland substantive law applies."). Relevant to this dispute, the "elements of false arrest and false imprisonment are identical" under Maryland law—a plaintiff must show: (1) the deprivation of the liberty of another; (2) without consent; and (3) without legal

justification. *Heron v. Strader*, 761 A.2d 56, 59 (Md. 2000); *see also McCullough v. Anne Arundel Cty., Md.*, No. 19-926, 2020 WL 836235, at *11 (D. Md. Feb. 20, 2020). The determination of "[w]hether legal justification exists depends on whether the officer acted with legal authority to arrest." *Stutzman v. Krenik*, 350 F. Supp. 3d 366, 380 (D. Md. 2018) (citing *Montgomery Ward v. Wilson*, 664 A.2d 916, 926 (Md. 1995)).

In this regard, "a law enforcement officer is not liable for . . . tortious conduct performed during the course of his official duties unless he acted with 'actual malice.'" *Jackson*, 77 F. Supp. 2d at 715. Maryland courts have defined "actual malice" to be "conduct 'characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, or ill-will or fraud. . . .'" *Lee v. Cline*, 863 A.2d 297, 311 (Md. 2004) (citation omitted) (ellipses in original). And so, this Court has explained that a showing of actual malice requires proof that the law enforcement officer "intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Rich v. United States*, 158 F. Supp. 2d 619, 629 (D. Md. 2001) (quoting *Lovelace v. Anderson*, 730 A.2d 774, 788-89 (Md. 1999), *rev'd on other grounds*, 655 A.2d 401 (Md. 1995)).

## IV. ANALYSIS

The government has moved to substitute the United States as the defendant in this FTCA action pursuant to 28 U.S.C. § 2679(a), because the only proper defendant in an FTCA action is the United States. Def. Mem. at 7-8. The government has also moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for four reasons. *See id.* at 8-19.

First, the government argues that the Court should dismiss Counts I, II, III, IV, VI and VII of the amended complaint for failure to state a claim upon which relief can be granted, because plaintiff fails to allege facts from which the Court could infer actual malice on the part of the DHS and CBP agents at issue in this case. *Id.* at 8-11. Second, the government argues that the Court should also dismiss Counts I, III and IV of the amended complaint for lack of subject-matter jurisdiction, because the United States has not waived its sovereign immunity for the state and constitutional tort claims alleged in those counts. *Id.* at 11, 15, 17-18. Third, the government argues that the Court should dismiss Count II of the amended complaint for lack of subject-matter jurisdiction, because 42 U.S.C. § 1983 does not apply to federal actors. *Id.* at 12-

7

14. Lastly, the government argues that the Court should dismiss plaintiff's conspiracy claims raised in Counts VI and VII of the amended complaint, because the United States has not waived its sovereign immunity with respect to the underlying tort claims upon which plaintiff bases these claims. *Id.* at 18-19. And so, the government requests that the Court dismiss the amended complaint in its entirety. *Id.* at 19.

Plaintiff counters in his response in opposition that he asserts plausible FTCA claims in the amended complaint, because the amended complaint contains sufficient facts to show or infer that the DHS agent in charge of his case acted with actual malice. Pl. Resp. at 4-6. Plaintiff also argues that he alleges a plausible false imprisonment claim in the amended complaint, because the factual allegations contained therein show that DHS had no legal justification for keeping the Detainer Hold in place after the agency became aware of the false-positive field test on plaintiff's honey. *Id.* at 6-7. Lastly, plaintiff argues that he alleges a plausible claim for conspiracy to commit false imprisonment, because the amended complaint contains sufficient factual allegations to satisfy the elements of a civil conspiracy claim under Maryland law. *Id.* at 7-8. And so, plaintiff requests that the Court deny the government's motion to dismiss. *Id.* at 8.[3]

For the reasons discussed below, the United States is the proper defendant in this FTCA action. But, the United States has not waived its sovereign immunity with respect to plaintiff's constitutional tort claims and plaintiff's Section 1983 claims may not be brought against federal actors.

A careful reading of the amended complaint also shows that plaintiff fails to allege a plausible FTCA claim in Count IV of the amended complaint, because he does not allege sufficient facts to show or infer that the DHS and CBP agents at issue acted with actual malice. Plaintiff's state law claims for false imprisonment, false arrest, and violations of the Constitution of the State of Maryland in Count III of the amended complaint are also not plausible, because plaintiff fails to allege actual malice, it is undisputed that the Detainer Hold requires only that plaintiff be detained for a period of 48 hours after being granted release from custody, and the government has not waived its sovereign immunity with regards to plaintiff's state constitutional

---

[3] Plaintiff does not oppose the government's motion to substitute and he fails to respond to the other arguments raised in the government's motion to dismiss. *See generally* Pl. Resp.

8

law claim.  Because plaintiff fails to allege a plausible false imprisonment claim, he also fails to allege plausible conspiracy claims based upon this tort in Counts VI and VII of the amended complaint.  And so, for the reasons discussed below, the Court **GRANTS** the government's motions to substitute and to dismiss this matter and **DISMISSES** the amended complaint.

### A. The United States Is The Proper Defendant In This FTCA Action

As an initial matter, the United States is the only proper defendant in this FTCA action.  It is well-established that, under 28 U.S.C. § 2679(a), the United States is the only proper defendant in an FTCA action.  28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ."); *see also Young v. United States*, No. 8-3349, 2009 WL 2170068, at *2 (D. Md. July 20, 2009) ("The FTCA mandates that any suit for a tort committed by an employee of the federal government must be asserted against the United States rather than a federal agency by its own name.").  Given this, the Court must dismiss DHS and CBP as the named defendants in this case and substitute the United States as the sole defendant.  *Young*, 2009 WL 2170068, at *2 ("An FTCA claim asserted against a federal agency must be dismissed as to the agency.").  And so, the Court GRANTS the government's motion to substitute.

### B. The Court May Not Consider Plaintiff's Constitutional Tort And Section 1983 Claims

Turning to the merits of plaintiff's claims, the Court must dismiss the constitutional tort claim found in Count I of the amended complaint and the Section 1983 claim found in Count II of the amended complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In Count I of the amended complaint, plaintiff alleges that the government has deprived him of the right to be free from unlawful detention in violation of the Fourth and Fourteenth Amendments.  *See* Am. Compl. at ¶¶ 47-50.  But, plaintiff does not dispute that there has been no waiver of the government's sovereign immunity from suit for such constitutional tort claims under the FTCA.  *See generally* Pl. Resp.; *see also Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); *Harris v. United States*, No. 10-027, 2010 WL 2733448, at *3 (E.D. Va. June 8, 2010).  And so, the Court DISMISSES

Count I of the amended complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

The Court also may not consider plaintiff's Section 1983 claim. In Count II of the amended complaint, plaintiff alleges that the government and the federal law enforcement officers at issue have deprived him of certain rights in violation of Section 1983. Am. Compl. at ¶¶ 51-58. But, it is well-established that plaintiff may only bring a Section 1983 claim against persons acting under the color of law for a state, territory, or the District of Columbia. 42 U.S.C. § 1983; *see also Gilbert v. United States Bureau of Alcohol, Tobacco, Firearms & Explosives*, 306 F. Supp. 3d 776, 785 (D. Md. 2018). Because plaintiff asserts a Section 1983 claim against the government and other federal actors in this case, the Court must also DISMISS Count II of the amended complaint for lack of subject-matter jurisdiction.[4] Fed. R. Civ. P. 12(b)(1).

### C. Plaintiff Fails To Allege Plausible FTCA, False Imprisonment, False Arrest, State Constitutional Law And Conspiracy Claims

A careful reading of the amended complaint also shows that plaintiff fails to state plausible FTCA, false imprisonment, false arrest, state constitutional law and conspiracy claims in the amended complaint. And so, the Court must **DISMISS** these claims pursuant to Fed. R. Civ. P. 12 (b)(6).

First, plaintiff fails to state a plausible claim under the FTCA in Count IV of the amended complaint, because he fails to allege facts to show or infer actual malice on the part of the government. In Count IV, plaintiff alleges that the DHS and CBP agents that arrested and detained him were negligent and breached a duty to act with reasonable care by incarcerating him for 82 days. Am. Compl. at ¶¶ 61-66. The parties agree that the Court applies Maryland law to analyze this claim and that plaintiff must show, among other things, that the law enforcement officers at issue acted with "actual malice." Def. Mem. at 8-9; Pl. Resp. at 5-6; *see also* 28 U.S.C. § 1346(b); *Coleman*, 369 F. App'x at 461; *Jackson*, 77 F. Supp. 2d at 715.

---

[4] To the extent that the amended complaint can be read to assert a failure to train and supervise claims against the United States under the FTCA, plaintiff does not dispute that the discretionary function exception would bar this claim. *See generally* Pl. Resp.; 28 U.S.C. § 2680(a) (Providing that the government is not liable under the FTCA for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.").

10

In this regard, the Maryland Court of Appeals has held that actual malice means conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud. *Lee*, 863 A.2d at 311. And so, actual malice can be established by showing that the law enforcement officers at issue in this case "intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Rich*, 158 F. Supp. 2d at 629 (quoting *Lovelace*, 730 A.2d at 788-89). The Court can also infer that these officers acted with actual malice based upon evidence that the law enforcement officers were motivated by personal animosity toward plaintiff, or by personal ambitions, in connection with the challenged conduct. *See Marks v. Dann*, No. 13-347, 2013 WL 8292331, at *11 (D. Md. July 24, 2013) (citation omitted).

The amended complaint makes clear that plaintiff cannot make such a showing here. Plaintiff alleges that the DHS and CBP law enforcement officers involved in his arrest and incarceration were negligent when they breached their duty "to act with reasonable care in exercising their civil arrest and detention authority." Am. Compl. at ¶ 62. But, the amended complaint is devoid of any factual allegations to show that the DHS and CBP law enforcement officers acted with personal animosity towards plaintiff, or that these officers were influenced by their personal ambitions in connection with the decisions to arrest plaintiff and to keep the Detainer Hold in place. *See generally id.* (Failing to allege any personal animosity against plaintiff or personal ambition on the part of the DHS agent in charge regarding the decision not to withdraw the Detainer Hold).

Perhaps, more importantly, the amended complaint fails to show that the Detainer Hold was the reason for plaintiff's continued incarceration after January 17, 2019. In this regard, it is undisputed that the Detainer Hold provides that any detention of plaintiff beyond the time specified by the State of Maryland must be for no more than 48 hours. *Id.* at ¶ 29; Def. Mot. Ex. A at 1 (requesting that the Anne Arundel County Detention Center "[m]aintain custody of [plaintiff] for a period **NOT TO EXCEED 48 HOURS** beyond the time when he[] would otherwise have been released from your custody to allow DHS to assume custody.") (emphasis in original). Given this, the facts in the amended complaint, accepted as true, simply do not show that the law enforcement officers at issue in this case acted with actual malice, or that the

11

Detainer Hold was the reason for plaintiff's continued incarceration. And so, the Court must DISMISS Count IV of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Second, a careful review of the amended complaint also shows that plaintiff fails to state plausible state law claims in this action. In Count III of the amended complaint, plaintiff asserts pendant state law claims and he alleges that the conduct of the law enforcement officers at issue constitute false arrest, false imprisonment, and due process violations of the Constitution of the State of Maryland. Am. Compl. at ¶¶ 59-60. But, as discussed above, plaintiff's false arrest and false imprisonment claims are not plausible, because the amended complaint does not contain factual allegations to show or infer that the law enforcement officers at issue acted with actual malice and the terms of the Detainer Hold make clear that this document was not the reason for plaintiff's continued incarceration. *See* Def. Mot. Ex. A at 1; *see generally* Am. Compl.; Pl. Resp. (not disputing the authenticity of the Detainer Hold submitted as Exhibit A to the government's motions to substitute and to dismiss). It is also well-settled that the United States has not waived its sovereign immunity for state constitutional law claims. *See, e.g.*, *Chin v. Wilhelm*, 291 F. Supp. 2d 400, 405 (D. Md. 2003) ("[T]he United States has not waived its sovereign immunity as to state constitutional claims."); *Voh v. United States*, No. 17-1641, 2018 WL 2048372, at *4 (D. Md. May 2, 2018). And so, the Court must also DISMISS Count III of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[5]

Lastly, and for many of the same reasons, plaintiff's conspiracy claims found in Counts VI and VII of the amended complaint are also not plausible. In Counts VI and VII, plaintiff alleges "conspiracy to violate state and constitutional rights" claims related to his alleged false arrest and false imprisonment. Am. Compl. at ¶¶ 77-96. Plaintiff clarifies in his response in opposition to the government's motion to dismiss that these conspiracy claims are based upon the tort of false imprisonment. Pl. Resp. at 7-8. Under Maryland law, "a defendant may not be adjudged liable for civil conspiracy unless that defendant was legally capable of committing the

---

[5] Plaintiff appears to withdraw his false arrest claim in his response in opposition to the government's motion to dismiss. *See* Pl. Resp. at 6-10. Nonetheless, to the extent that plaintiff continues to assert a false arrest claim in this action, this claim is also not plausible because plaintiff does not dispute that the field drug test on his honey returned a false-positive result, providing probable cause for his arrest. Am. Compl. at ¶ 22; *Heron*, 761 A.2d at 59 (to prove a false arrest claim, plaintiff must show (1) the deprivation of the liberty of another; (2) without consent; and (3) without legal justification).

underlying tort alleged." *Shenker v. Laureate Educ., Inc.*, 983 A.2d 408, 428 (Md. 2009); *see also Hill v. Brush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 821 (D. Md. 2005) (citations omitted) (stating that civil "[c]onspiracy is not a tort on its own[] but is dependent on some underlying tort that caused injury to the plaintiff."). And so here, plaintiff must show that the government was legally capable of committing the tort of false imprisonment to assert a plausible conspiracy claim based upon this tort. *Id*.

As discussed above, plaintiff fails to allege a plausible false imprisonment claim in the amended complaint. Given this, plaintiff's civil conspiracy claims based upon the tort of false imprisonment are also not plausible. And so, the Court DISMISSES Counts VI and VII of the amended complaint. Fed. R. Civ. P. 12(b)(6).

## V.  CONCLUSION

In sum, the United States is the only proper defendant in this FTCA action and the Court does not possess subject-matter jurisdiction to consider plaintiff's constitutional tort and Section 1983 claims. In addition, a careful reading of the amended complaint shows that plaintiff fails to state plausible FTCA, false imprisonment, false arrest, state law and civil conspiracy claims in this case. And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motions to substitute and to dismiss this matter; and
2. **DISMISSES** the amended complaint.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge